## COMPLAINT VERIFICATION AFFIDAVIT

I, Matthew C. Belew, first being sworn, state as follows:

## BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), Dallas Field Division, Dallas, Texas and have been for approximately five years. I received training at the Federal Law Enforcement Training Center in Brunswick, Georgia. I was previously employed by the Sedgwick County Sheriffs Office, serving as a Patrol Deputy and Detective (assigned to Narcotics Division for approximately five years). During my career in law enforcement, I have been involved in federal and state investigations involving drugs and firearm crimes. I have used a variety of methods to investigate drug trafficking organizations including, but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses and suspects, the use of search warrants, the use of confidential sources, and the use of undercover techniques, all in support of enforcing the drug and firearm laws of the United States.

2. I make this affidavit for and on behalf of the United States of America. The information contained in this affidavit is both from my own personal knowledge and derived from other law enforcement officers, employees, and agents. The factual matters stated in this affidavit and in the related complaint for forfeiture are true and correct to the best of my knowledge, information, and belief.

## PROPERTY FOR FORFEITURE

3. This affidavit is submitted in support of the complaint for forfeiture filed against the following property:

   a. $234,491.00 in U.S. currency.
   b. 2010 Dodge Challenger, VIN 2B3CJ4DV7AH219768.
   c. 2003 BMW 750i, VIN WBAG163423DP64319
   d. 2000 Chevrolet 1500, VIN 1GTEC19V4YZ342849

These items were seized from Marquis Jetton on or about February 2, 2012.

## LEGAL AUTHORITY FOR FORFEITURE

4. Based on my training and experience, I know that 21 U.S.C. §881(a)(6) states that all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled

1

substance in violation of Chapter 13, Subchapter I of Title 21, United States Code; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter shall be subject to forfeiture. Based on the facts set out in this affidavit, I believe items a. through d. of the property listed in paragraph 3 are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

5. Based on my training and experience, I also know that 21 U.S.C. § 881(a)(4) states all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described as a controlled substance in violation of Chapter 13, Subchapter I of Title 21, United States Code shall be subject to forfeiture. Based on the facts set out in this affidavit, I believe items b. of the property listed in paragraph 3 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## FACTS SUPPORTING FORFEITURE

6. On May 19, 2011, Dallas Police Department (DPD) officers investigated a drug complaint at 9201 Garland Road #411-A, Dallas, Texas. The officers knocked on #411-A's door, which was answered by Marquis Jetton. As Jetton opened the front door, the officers smelled the strong odor of fresh marijuana emanating from inside #411-A. DPD Sgt. Barry Ragsdale told Jetton that DPD had received a drug complaint and asked Jetton if he would allow a search of #411-A. Jetton consented verbally and in writing to the search. Jetton told officers that there was a firearm was on a shelf in the living room; that firearm (a .45 caliber pistol) was subsequently found and seized. Jetton also said that there was marijuana in the attached garage; when the garage was searched, officers found a large digital scale capable of weighing objects up to 400 pounds, two large black trash bags containing compressed marijuana weighing approximately 33 kilograms; and approximately $1500.00 in United States currency (inside a vehicle). During the search, officers also found $3981.00 in U.S. currency, two marijuana grinders, packaging material, and equipment to seal plastic bags inside the living room and a duffel bag containing approximately $149,088.00 in U.S. currency in the dining room (concealed under a wine refrigerator).[1]

---

[1] The state initiated a civil forfeiture action in Dallas County against the $154,794.00 seized on May 19th (11-07759-M), and in July 2012 Jetton agreed to forfeit $144,794.00 of it as drug proceeds.

2

7.      As a result of what was found in the May 19th search, a federal grand jury indicted Jetton in January 2012 for possessing marijuana with intent to distribute it (a violation 21 U.S.C. § 841) and felon in possession of a firearm (a violation of 18 U.S.C. § 922(g); a copy of the indictment is attached to this affidavit. On February 1, 2012, I asked DPD officers to assist with arresting Jetton on the federal indictment. On February 1, 2012, DPD officers identified an apartment at 2320 Taylor Street, Dallas, Texas as Jetton's current residence; two vehicles 2010 Dodge Challenger, VIN 2B3CJ4DV7AH219768 and a 2003 BMW 750i, VIN WBAG163423DP64319 in the parking garage were identified as belonging to him. DPD officers then made contact with the apartment manager and asked to be let into the apartment to arrest Jetton; however, when the manager let the officers in, Jetton was not there. While checking the residence for him, officers saw items commonly used in marijuana cultivation operations and a large amount of U.S. currency inside the apartment.

8.      Later that day, Jetton was arrested during a traffic stop at 2200 Canton Street, Dallas, Texas. After Jetton consented to his vehicle 2000 Chevrolet 1500, VIN 1GTEC19V4YZ342849 being searched, officers found a backpack containing $210,000.00 in U.S. currency inside it. The currency was seized.

9.      DPD officers then obtained a search warrant for Jetton's apartment (#23117) at 2320 Taylor. When the warrant was executed, officers found a shopping bag containing $23,000.00 in U.S. currency and a loaded .22 magnum caliber in the bedroom; $86.00 in U.S. currency, Jetton's passport, and assorted documentation belonging to and photos of Jetton inside a closet; and a nylon bag containing $1199.00 in U.S. currency, an envelope containing marijuana, $300.00 in counterfeit $100.00 bills, and a traffic citation issued to Jetton inside the kitchen. The currency and other items were seized.

10.     A total of $234,491.00 in U.S. currency was seized from Jetton's apartment and vehicle on February 2, 2012.

11.     In January 2013, Jetton, assisted by counsel, signed a document agreeing to forfeit the U.S. currency and the three vehicles (items a. through d. of the property listed in paragraph 3).

## CONCLUSION

12.     Based on my training and experience and the information in preceding paragraphs, I believe the $234,491.00 in U.S. currency seized from Jetton's vehicle and apartment (item a.) was intended to be furnished in exchange for a controlled substance in violation of Chapter 13, Subchapter I of Title 21, United States Code; is the proceeds traceable to such an exchange; and/or was used or intended to be used to facilitate a violation of Chapter 13, Subchapter I of Title 21, United States Code.  Based on my training and experience and the information in preceding paragraphs, I believe the 2003 BMW 750i, VIN WBAG163423DP64319; the 2010 Dodge Challenger, VIN 2B3CJ4DV7AH219768; and the 2000 Chevrolet 1500, VIN1GTEC19V4YZ342849 (items b. through d.), are traceable to money exchanged for a controlled substance or substances in violation of Chapter 13, Subchapter I of Title 21, United States Code and/or were used, or intended for use, to transport, or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of Chapter 13, Subchapter I of Title 21.  I therefore believe that items a. through d. of the property listed in paragraph 3 are subject to forfeiture pursuant to 21 U.S.C. § 881.

_____
Matthew C. Belew
Special Agent, ATF

Sworn to and subscribed before me on the 30 day of January, 2013.

Glendine Huddleston
Notary Public, State of Texas

GLENDINE HUDDLESTON
My Commission Expires
October 15, 2014

4

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 24 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § No. 3-12CR-018-P |
| | § |
| MARQUIS JETTON | § |

## INDICTMENT

The Grand Jury Charges:

### Count One

Possession of a Controlled Substance with Intent to Distribute
(Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C))

On or about May 19, 2011, in the Dallas Division of the Northern District of Texas, **Marquis Jetton,** defendant, knowingly and intentionally possessed with intent to distribute, a mixture or substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count Two

Felon in Possession of a Firearm
(Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2))

On or about May 19, 2011, in the Dallas Division of the Northern District of Texas, the defendant, **Marquis Jetton**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce, a firearm, to wit: a Springfield, Model XD, .45 caliber pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

<u>Forfeiture Notice</u>
(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

Upon conviction for either of the offenses alleged in Count One and Two of this Indictment and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant, **Marquis Jetton**, shall forfeit to the United States of America, the following:

1. A Springfield, Model XD, .45 caliber pistol;

Indictment - Page 3

A TRUE BILL

*[signature]*
FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*[signature]*
TALY HAFFAR
Assistant United States Attorney
Texas Bar No. 24038935
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8821
Facsimile: 214.767.0978
Email: taly.haffar@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

MARQUIS JETTON

INDICTMENT

21 U.S.C. § 841(a)(1)
Possession of a Controlled Substance with Intent to Distribute

18 U.S.C. §§ 922(g)(1) and 924(a)(2)
Felon in Possession of a Firearm

18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)
Forfeiture Notice

2 Counts

A true bill rendered

_____   _____
DALLAS                                     FOREPERSON

Filed in open court this 24 day of January, A.D., 2012.

_____
                                                 Clerk

**WARRANT TO ISSUE - RELEASED ON STATE BOND**
_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE
No Magistrate Case Pending:

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

**ORIGINAL**

Related Case Information

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No    If Yes, number:

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number: _____

RECEIVED JAN 24 2012 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:
   ☐ Yes  ☐ No

   Defendant Name: **MARQUIS JETTON**

   Alias Name: _____

   Address: _____

   3-12CR-018-P

   County in which offense was committed:    Dallas, Texas

2. **U.S. Attorney Information**

   **AUSA TALY HAFFAR**          **Texas Bar No. 24038935**

3. **Interpreter**

   ☐ Yes ☒ No    If Yes, list language and/or dialect:

4. **Location Status WARRANT TO ISSUE - RELEASED ON STATE BOND**

   Arrest Date -

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: **2**    ☐ Petty ☐ Misdemeanor ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 21 U.S.C. § 841(a)(1) | Possession of a Controlled Substance with Intent to Distribute | 1 |
   | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 2 |
   | 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) | Forfeiture Notice | |

   Date: January 18, 2012    Signature of AUSA: _____ TALY HAFFAR